UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

In re: Rudolfo Lozano and Maria Adriana Lozano,         Case No.

                   Debtors.                                            08-11242

-----------------------------------------------------------------X         Chapter 13 Case

                                                                                 Judge Martin Glenn

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

The servicer parties before the Court (Countrywide, Saxon, and Carrington) contend that they are not obligated to produce documents from the original lenders in this matter; however, under case law of the Southern District of New York, Judge Lynch in JPMorgan Chase. v. Winnick, held that such parties must produce documents from the original lender banks.

In that action, JP Morgan (or JPM) served as the Administrative Agent for a consortium of 50 banks. JP Morgan Chase v. Winnick, 228 F.R.D. 505, 506 (S.D.N.Y. 2005). The defendant served discovery requests on JP Morgan for documents from the original lender banks. Id. ("Defendants have accordingly served document requests, interrogatories, and deposition notices on JPM, seeking documents, information, and witnesses in the Banks' possession, custody, or control.") This case is directly on point, and substantial quotation in warranted due to the cogency and relevance of the court's decision.

> JP Morgan made the following objections, which are echoed by the servicers here:
>
> JPM argues that (a) the documents sought are not within JPM's possession, custody, or control; (b) JPM's powers as agent do not include the right to demand documents, information, and witnesses from the Banks; (c) the Banks are not parties to the case and need not respond to party discovery such as interrogatories or deposition notices; (d) most of the Banks have transferred all their interests in the debt -- including, allegedly, the tort claims in this action -- through assignments to current holder-assignees, who contend they have no contractual or other right to demand documents and information from their Bank-assignors; and (e) it is not more burdensome for defendants to obtain discovery from the Banks than it is for JPM, and defendants are better situated to enforce disputed discovery from any unwilling Bank.
>
> Id.

The Court summarily dismissed such objections and ordered that JP Morgan was obligated to produce the documents in response to the defendants' requests:

> Viewed from any angle, plaintiff's position cannot be correct. It is both logically inconsistent and unfair to allow the right to sue to be transferred to assignees of a debt free of the obligations that go with litigating a claim. If the plaintiff's theory carried the day, the assignor would be able to assign a claim more valuable than it could ever have, because its claim, if pursued by the assignor, would entail certain obligations that, when assigned, would magically disappear. Stated another way, on plaintiff's theory, by assigning their tort claims, the Banks also shifted onto defendants the cost of third-party discovery, where the third parties are the very institutions asserting that they were defrauded.

Id. at 506-07.

In that case, the court held that the plaintiff was obligated to respond because it would be unfair to permit the plaintiff to pursue claims without the concomitant obligation to produce discovery, even in the face of significant difficultly in complying with those obligations:

> It would be unfair to the defendants to permit plaintiff and the assignees to divorce the benefits of the claims from the obligations that come with the right to assert them, to the detriment of defendants. The burden of these discovery obligations is not insubstantial. Many of the original lenders are located outside the United States and thus beyond the subpoena power of the Court. Even in connection with some domestic parties that are not within the immediate power of this Court, defendants would have to persuade courts in other districts, unfamiliar with the litigation, to enforce subpoenas. The claims being asserted are those of the original lenders. They cannot be asserted by an agent or assignee without the concomitant obligation to produce relevant discovery to defendants. If plaintiff and the assignees failed to obtain rights to insist on cooperation from their assignors in providing such discovery, and cannot persuade the lending Banks to cooperate now, that is their problem, not defendants'.

Id. at 507.

The order entered by the court was substantially the same terms that the Debtors wish to have here; namely, that the servicers must produce documents from the original lenders under pain of sanction:

> 1. The Real Parties in Interest, through JPM as agent, are the Banks that continue to hold debt and the assignees that claim to be suing in the shoes of the Banks. In asserting such claims, and notwithstanding their claimed lack of authority to cause production of evidence or information by the Banks, JPM and the Real Parties in Interest have the duty to produce the documents, information, and witness testimony to which defendants would be entitled in discovery from parties under the Federal Rules of Civil Procedure, just as if the Banks had brought this action themselves on their own claims.
>
> 2. Defendants may take discovery of the Banks and the Real Parties in Interest … by serving discovery requests upon JPM.
>
> 3. JPM must respond for the Banks and the Real Parties in Interest to the defendants' discovery requests. …

> 4. If JPM cannot obtain and produce documents, provide information in response to interrogatories, and/or produce witnesses for deposition from the Banks or the Real Parties in Interest in response to defendants' discovery requests … the Court will entertain motions from defendants for appropriate sanctions … including motions to strike claims relating to non-complaint Banks or Real Parties in Interest.

Id. at 507-08.

In a later decision in the same case in JP Morgan Chase v. Winnick, 2006 U.S.Dist. LEXIS 4409 (S.D.N.Y. 2006), involving this order, Judge Lynch reaffirmed his decision, even where the original lender had a contractual clause exempting it from discovery:

> The Court recognizes that requiring JPM to obtain discovery from the Original Lenders, and then refusing to compel the Original Lenders to produce that discovery, appears to place JPM in a double bind. But this is merely a consequence of choices that JPM and the Real Parties in Interest have made. As previously discussed, JPM and the Real Parties in Interest stand in the Original Lenders' shoes for the purposes of this litigation, and defendants are thus entitled to any discovery that they would have been entitled to if the Original Lenders had themselves sued. At the same time, Original Lenders such as Citibank are non-parties to this litigation and are entitled to protection as such. *They* did not bring this action; they simply sold their Global Crossing debt. And at least with respect to Citibank, any argument that its decision to profit from selling that debt implicitly binds it to produce the discovery sought here founders on the express warranty that it secured disavowing any such obligation.

Id. at *9-10.

The Debtors here seek nothing more nor less than the same reasoning that Judge Lynch applied in that matter. The servicers here are seeking to enforce the mortgage obligations that came from an original lender. As in the case decided by Judge Lynch, it would be an injustice to permit the servicers to enjoy the benefits of those obligations without the obligation to produce responsive discovery.

Judge Lynch's reasoning is no one-off decision restricted to the facts of that case. In National Council on Comp. Ins., Inc. v. American Int'l Group, Inc., 2007 U.S. Dist. LEXIS 91518, (N.D. Ill. 2007), At least one other district court has adopted the reasoning

outlined above and required the agent of an insurance pool to provide discovery from the constituent insurance companies:

> We conclude that the control necessarily extends to obtaining from the participating members documents relevant to the litigation, whether they are documents and information that the Pool would affirmatively use and thus voluntarily disclose, *see* Fed R. Civ. P. 26(a)(1), or instead is information that defendants seek through Rule 34 document requests. The right to initiate and prosecute a federal lawsuit carries with it the obligation to do so consistent with governing rules, including the rules of civil procedure. Having exercised the right to initiate federal litigation through the acts of the Board of Governors, the Pool is no more exempt from the duty to comply with the rules of procedure than is any other organization of whatever form -- be it corporation, partnership or unincorporated association.

Id. at *12-13.

## CONCLUSION

The Debtors request that the Court compel the servicers to produce document from the original lenders.

Dated:       New York, New York
             July 11, 2008

/s/_____
David J. Hoffman
29 Broadway, 27th Floor
New York, New York 10006
Tel: 212-425-0550
Fax: 212-797-3545

ATTORNEY FOR DEBTORS